UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAD T.,

             Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

Case No. 2:20-cv-01517-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance ("DIB") and supplemental security income ("SSI") benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

I.    <u>ISSUES FOR REVIEW</u>

A. Is Plaintiff entitled to remand for an award of benefits?

II.    <u>BACKGROUND</u>

On December 9, 2015, Plaintiff filed an application (for DIB) under Title II, alleging in his application a disability onset date of January 1, 2013. Administrative Record ("AR") 23, 187. On September 1, 2017, he filed an application for Title XVI benefits (SSI), also alleging January 1, 2013 as the onset date. AR 31, 74, 87. Review

of both applications proceeded to a hearing before Administrative Law Judge ("ALJ") Ilene Sloan, which was held on March 5, 2018. AR 51. On December 4, 2018, ALJ Sloan issued a decision finding that Plaintiff was not disabled. AR 28. Plaintiff amended his alleged onset date to August 31, 2017. AR 315-17. On September 3, 2020, the Social Security Appeals Council ("AC") issued an order holding that Plaintiff was disabled – because his impairments met the severity of Listing 4.02 A2 and B2 -- as of March 8, 2018. AR 6–10. Plaintiff seeks judicial review of the AC's decision.

### III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.   DISCUSSION

Plaintiff requests remand for an immediate finding of disability and an award of benefits (under both Title II and Title XVI) due to the AC's failure to evaluate medical opinion evidence (see AR 1928, 1935, 1940-75: opinions dated 1-10-2019, 10-25-2019, and 2-10-2020) from Plaintiff's treating cardiologist, Dr. Sharotri. Dkt. 10. Remand is required so that the ALJ may evaluate the opinions of Dr. Sharotri -- and also reviewing physician Dr. Akintilo's opinions (see AR 1936-38), as well as any new evidence, and determine whether Plaintiff was disabled between August 31, 2017 (Plaintiff's alleged date of onset) and the March 8, 2018 onset date that was determined by the Appeals Council.

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of morbid obesity, chronic kidney disease, stasis dermatitis, chronic lymphedema/edema of the lower extremities, status-post left knee meniscus repair, right shoulder impingement syndrome and rotator cuff tear, status-post left shoulder acromioplasty, right shoulder subacromial bursitis, status-post release left carpal tunnel syndrome, diabetes mellitus, major depressive disorder, and generalized anxiety disorder. AR 33–34.

Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of light work. AR 35–36. Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform his past relevant work, but could perform other jobs that existed in significant numbers in the national economy; therefore the ALJ determined at step five of the sequential evaluation that Plaintiff was not disabled. AR 40-42.

In its order, the Appeals Council found that Plaintiff had the additional severe, medically determinable impairments of recalcitrant congestive heart failure and coronary artery disease. AR 9. The Appeals Council also determined that Plaintiff became disabled on March 8, 2018, when he was first hospitalized for these additional severe impairments. *Id.*  Plaintiff met the insured status requirements for DIB through December 31, 2017, thus the Appeals Council's determination of the onset date of March 8, 2018 necessarily resulted in Plaintiff being ineligible for DIB because the disability onset date was after December 31, 2017 – but, the AC held that he was eligible for SSI. AR 10.

A. <u>Whether this case should be remanded for an award of benefits</u>

Plaintiff challenges the AC's evaluation of new medical evidence, namely, an opinion from Plaintiff's treating cardiologist, which Plaintiff alleges establishes disability as of August 31, 2017, and asks this Court to remand for an award of benefits. Dkt. 10, pp. 1–11. Commissioner concedes that the AC harmfully erred in evaluating this evidence. Dkt.13, pp. 1–3. Commissioner argues that a remand for further proceedings is needed for the ALJ to reconsider this medical evidence and update the record. Dkt. 13, pp. 3–8.

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon* that even when each element is satisfied, the district court retains discretion to remand for further proceedings or for award of benefits. 80 F.3d at 1045.

Here, Plaintiff requests remand for an immediate finding of disability and an award of benefits due to the AC's failure to evaluate medical opinion evidence from Plaintiff's treating cardiologist, Dr. Sharotri. Dkt. 10. In this opinion, Dr. Sharotri stated that Plaintiff could be expected to have shortness of breath that would decrease his ability to walk, and that frequent exacerbations of his congestive heart failure required close monitoring and follow-up. AR 1941. Because of these impairments, Dr. Sharotri opined that Plaintiff could stand and walk for zero hours in an eight-hour workday, could lift and carry items only occasionally, and would need to elevate both legs for 15-minute periods four to six times a day. AR 1940.

Both parties agree that the Appeals Council failed to provide sufficient reasons for rejecting this opinion. However, outstanding issues require resolution before benefits may be awarded. Neither the Appeals Council nor the ALJ addressed or evaluated Dr. Sharotri's opinion, and conflicts may exist between the opinion of Dr. Sharotri and that of the AC reviewing physician, Dr. Akintilo. AR 1711, 1939.

"In any event, the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995)). Remand is required so that the ALJ may evaluate Drs. Sharotri and Akintilo's opinions, as well as any new evidence, and determine whether Plaintiff was disabled before the onset date – determined by the Appeals Council to be March 8, 2018.

CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ and Appeals Council erred when they determined plaintiff to be not disabled. Defendant's decision to deny benefits between August 31, 2017 and March 8, 2018 therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

On remand, the ALJ is directed to consider Dr. Sharotri's opinion and reconsider whether the Plaintiff was disabled at any time between August 31, 2017 and March 7, 2018, without disturbing the Appeals Council's finding that Plaintiff has been disabled from March 8, 2018 onward. *See Brown v. Kijakazi*, __ F.4th __, No. 20-35533, 2021 WL 3852627 (9th Cir. August 30, 2021) at *2 -*3 (because the complainant is the only person who would be allowed to appeal an unfavorable decision after a remand, there is no legal basis for the Commissioner to seek review and ask the Court to overturn the portion of the ALJ's decision that is favorable to the claimant – because "that was never placed at issue prior to the entry of judgment below.").

Dated this 2nd day of September, 2021.

Theresa L. Fricke
United States Magistrate Judge